# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DONAL LYDON, individually and on behalf )
of classes of similarly situated individuals, )
                                       )
           Plaintiff, )
                                         )
    v. )
                                         )     Case No. 19 cv 3989
FILLMORE HOSPITALITY, LLC, a )
Delaware limited liability corporation, and FH )
CHI, LLC, a Delaware limited liability )
corporation, )
                                         )
          Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1331, 1441 and 1446, Defendants Fillmore

Hospitality, LLC ("Fillmore") and FH CHI, LLC ("CHI"; together with Fillmore, "Defendants")

hereby provide notice of removal of this action from the Circuit Court of Cook County, Illinois,

Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern

Division.  In support of this Notice of Removal, Defendants state as follows:

1.      On May 6, 2019, Plaintiff Donal Lydon ("Plaintiff") filed a putative class action

complaint against Defendants in the Circuit Court of Cook County, Illinois, captioned *Donal*

*Lydon v. Fillmore Hospitality, LLC*, No. 2019-CH-05679 (the "State Court Action").

2.      Defendants were served with a copy of the Complaint and Summons in the State

Court Action through their registered agent on May 17, 2019.  Pursuant to 735 ILCS 5/2-213,

Plaintiff also sent Defendants a Waiver of Service in the State Court Action on May 20, 2019,

which Defendants executed and returned on May 31, 2019.  The parties agreed that Defendants'

response to the complaint would be due 60 days from May 20, 2019, in accordance with the

executed Waiver of Service.

3.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendants were served with the initial pleading.

4.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5.     Plaintiff alleges that Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of "fingerprint" technology. (*See* Ex. 1, Compl. ¶¶ 2, 18, 20-22.) Specifically, Plaintiff alleges that Defendants collect, capture, store, disseminate, and use employee biometric information (here, "fingerprints") when the employees clock in or out of work without first obtaining informed written consent or publishing their retention policies. (*See id.* ¶¶ 40-42.) Based on those allegations, Plaintiff asserts one cause of action for alleged violation of BIPA. (*See id.* ¶¶ 35-46.)

I.     **Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332(a)**

6.     Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), removal is proper because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *E.g.*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680-81 (7th Cir. 2011).

7.     According to the allegations in the Complaint, Plaintiff is a citizen and resident of Illinois. (Compl. ¶ 12.)

8.     Fillmore is a Delaware limited liability company, and its members are three natural persons who are residents and citizens of California, Ohio, and Texas, respectively. Consequently, Fillmore is a citizen of California, Ohio, and Texas.

9.     CHI is a Delaware limited liability company, and its sole member is Fillmore Hospitality, LLC. Consequently, CHI is a citizen of California, Ohio, and Texas.

10.     Because Plaintiff is a citizen of Illinois, while Defendants are citizens of California, Ohio, and Texas, there is complete diversity of citizenship. *Detrick v. Home Depot, U.S.A.*, No.

13 C 3878, 2013 WL 3836257, at *1 n.1 (N.D. Ill. July 23, 2013); *see also IP of A W. 86th St. 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012) ("[A] limited liability company shares the citizenship of its members.").

11. In determining whether the jurisdictional threshold amount of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Rickher*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

12. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

13. Plaintiff alleges that he "was required to scan his fingerprint into biometric timekeeping devices in order to 'clock-in' and 'clock-out' of each respective work shift." (Compl. ¶ 18.) Plaintiff further alleges that Defendants violated BIPA on "[e]ach instance Plaintiff . . . [was] required to scan [his] fingerprints . . . ." (Compl. ¶ 40.)

14. Plaintiff alleges that "Defendants' violations of BIPA . . . were knowing and willful, or were at least in reckless disregard of statutory requirements." (Compl. ¶ 45) On his BIPA claim, Plaintiff seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1)," and "statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3)," in addition to injunctive relief and attorneys' fees and costs. (Compl., Prayer for Relief.)

15.     According to records maintained by CHI, the management company that employed Plaintiff at the Cambria Chicago hotel alleged in the Complaint, Plaintiff used the timeclock at issue in the Complaint more than 15 times within the one year preceding the filing of the Complaint.  Because Plaintiff is seeking statutory damages of up to $5,000 for each time he used the timeclock at issue in the Complaint, in addition to injunctive relief, attorneys' fees, and costs, the amount in controversy exceeds $75,000.[1]

16.     Accordingly, both the diversity and amount-in-controversy prongs are satisfied with respect to Defendants, and removal is therefore proper under 28 U.S.C. §§ 1332(a) and 1441(b).

## II.     Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

17.     Pursuant to 28 U.S.C. § 1332(d), removal is proper because the United States District Courts have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2]  Here, all three conditions are satisfied.

18.     According to records maintained by CHI, within the one year preceding the filing of the Complaint through the present, more than 100 employees worked at the Cambria Chicago hotel alleged in the Complaint.

---

[1]     Defendants deny that BIPA allows for recovery of the statutory amount for each and every time that Plaintiff used the timeclock.  However, Plaintiff's allegations and requested relief must be accepted as true for purposes of determining the amount in controversy for purposes of removal.

[2]     By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendants do not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

19.     According to records maintained by CHI, employees at the Cambria Chicago hotel used the timeclock at issue in the Complaint more than 1,000 times within the one year preceding the filing of the Complaint.  Because Plaintiff is seeking statutory damages of up to $5,000 for each time any employee used the timeclock at issue in the Complaint, in addition to injunctive relief, attorneys' fees, and costs, the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).

20.     As established above, Plaintiff is a citizen of Illinois and Defendants are citizens of California, Ohio, and Texas.  Accordingly, at least one member of the class of plaintiffs is a citizen of a state different from any defendant as required by 28 U.S.C. § 1332(d)(2)(A).

21.     Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this matter is removable under the Class Action Fairness Act of 2005.

**III.     Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331**

22.     This Court also has jurisdiction under 28 U.S.C. § 1331.

23.     A district court has federal question jurisdiction over a claim, and removal is therefore proper on the basis of federal question jurisdiction, when the claim is completely preempted by Section 301 of the Labor Management Relations Act.  *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996).  "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'"  *Id.* at 498.  "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute."  *Id.* at 499.  "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove."  *Id.*

24.     According to records maintained by CHI, at all times relevant to the Complaint, Plaintiff was a member of Unite Here, Local 1 ("Local 1"), which has been the exclusive bargaining agent for Plaintiff for purposes of collective bargaining with his employer.

25.     The collective bargaining agreement ("CBA") between Local 1 and Plaintiff's employer provides that "[t]he Management of the Hotel and the direction of the working force are vested solely and exclusively in the Employer and shall not in any way be abridged except as set forth in this Agreement."  CBA § 12.  The CBA further provides that "[t]he Union recognizes that subject only to the express conditions of the [CBA] the Employer has the right to . . . schedule hours . . . [and] make and enforce the observance of reasonable Company rules and regulations after notice to the Union and maintain the efficiency of employees."  *Id.*  The "exclusive rights of the Employer" also include determining "methods and procedures of operations."  *Id.*

26.     The resolution of whether Defendants satisfied BIPA's notice requirements specified in 740 ILCS 14/15(b)(1) and (2), or were otherwise negligent with respect to timekeeping practices, requires interpretation of the CBA's language concerning the employer's rights to manage and direct its workforce, determine methods and procedures of operations, maintain efficiency, and implement rules and regulations. Similarly, the resolution of whether Defendants obtained the written release required by 740 ILCS 14/15(b)(3), or were otherwise negligent with respect to timekeeping practices, requires a determination of whether the CBA's specification of the Company's rights to manage and direct its workforce, implement rules and regulations, and exercise other related management rights constitute a sufficient written release from Plaintiff's "legally authorized representative" under 740 ILCS 14/15(b)(3).  Consequently, because the resolution of Plaintiff's BIPA claim necessarily requires interpretation of the CBA, Plaintiff's claim is completely preempted by Section 301.  *See, e.g., Atchley*, 101 F.3d at 498–99.

## IV.    Venue

27.    Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the Circuit Court of Cook County action is pending within the jurisdictional confines of this Court.  28 U.S.C. § 1446(a).

28.    Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendants Fillmore Hospitality, LLC and FH CHI, LLC hereby remove this civil action to this Court on the bases identified above.


Dated:  June 14, 2019                         FILLMORE HOSPITALITY, LLC and FH CHI, LLC

By:  /s/Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
Maria Boelen (mboelen@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendants*
*Fillmore Hospitality, LLC and FH CHI, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via email and First Class U.S. Mail, postage prepaid, on June 14, 2019 to:

> William P.N. Kingston
> Jad Sheikali
> MCGUIRE LAW, P.C.
> 55 W. Wacker Dr., 9th Floor
> Chicago, IL 60601
> Tel: (312) 893-7002
> Fax: (312) 275-7895
> wkingston@mcgpc.com
> jsheikali@mcgpc.com
>
> *Attorneys for Plaintiff*

/s/ Bonnie Keane DelGobbo