# Exhibit 1



# Notice of Service of Process

null / ALL  
Transmittal Number: 19823557  
Date Processed: 05/20/2019

| | |
|---|---|
| Primary Contact: | Dennis (Cody) Hearn<br>Fillmore Hospitality, LLC<br>1900 Pacific Ave<br>Ste 300<br>Dallas, TX 75201-4582 |
| Electronic copy provided to: | Kathy Spradlin |
| Entity: | FH CHI, LLC<br>Entity ID Number  3455295 |
| Entity Served: | FH CHI, LLC |
| Title of Action: | Donal Lydon vs. Fillmore Hospitality, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Cook County Circuit Court, IL |
| Case/Reference No: | 2019C1-105E79 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 05/17/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William P.N. Kingston<br>312-893-7002 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | FILED |
| 2320 - Served By Mail | 2321 - Served By Mail | 5/16/2019 3:30 PM |
| 2420 - Served By Publication | 2421 - Served By Publication | DOROTHY BROWN |
| Summons - Alias Summons | (06/28/18) CCG 0001 | CIRCUIT CLERK COOK COUNTY, IL 2019CH05679 |
| | | 5086139 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DONAL LYDON, on behalf of a class

(Name all parties)

v.

FILLMORE HOSPITALITY, LLC, et al.

Case No. 2019-CH-05679

FH CHI, LLC c/o Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, IL 62703

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

Witness: _____

5/16/2019 3:30 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Atty. No.: 56618
Atty Name: Jad Sheikali
Atty. for: Plaintiff
Address: 55 West Wacker Drive, 9th Fl.
City: Chicago   State: IL
Zip: 60601
Telephone: 312-893-7002
Primary Email: jsheikali@mcgpc.com
Secondary Email: dgerbie@mcgpc.com
Tertiary Email: emeyers@mcgpc.com

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

Page 1 of 2

FILED DATE: 5/16/2019 3:30 PM 2019CH05679

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**  cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: 9/4/2019 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

12-Person Jury

FILED
5/6/2019 4:50 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05679

FILED DATE: 5/6/2019 4:50 PM 2019CH05679

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DONAL LYDON, individually and on behalf of similarly situated individuals, | ) ) ) | No 2019CH05679     4949809 |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | Hon. |
| FILLMORE HOSPITALITY, LLC, a Delaware limited liability corporation, and FH CHI, LLC, a Delaware limited liability corporation. | ) ) ) ) ) ) | |
| *Defendants.* | ) | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Donal Lydon ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings his Class Action Complaint against Defendant Fillmore Hospitality, LLC and Defendant FH CHI, LLC (collectively, "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendants, a leading hotel chain with locations across the United States. Using biometrically-enabled technology,

Defendants are capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time when they "clock-in" and "clock-out" of their work shifts.

3. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

(1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

(2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

(4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendants' biometric timekeeping system works by extracting biometric information from individuals, such as handprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating his state biometric privacy rights.

9. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10. Defendant Fillmore Hospitality, LLC is a Delaware limited liability corporation that conducts substantial business and markets its hotel offerings throughout Illinois, including in Cook County.

11. Defendant FH CHI, LLC, is a Delaware limited liability corporation that is registered with and authorized by the Illinois Secretary of State to transact business in Cook County, Illinois. Defendant FH CHI, LLC, transacts business throughout Cook County.

12. At all relevant times, Plaintiff Donal Lydon has been a resident and citizen of the State of Illinois and worked for Defendants in Cook County.

3

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

14. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendants are doing business in Cook County and thus reside there under § 2-102, and because the transaction out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

15. Defendants operate a national chain of hotels that rely on new technologies, including biometrically-enabled technologies, to track their employees while at work.

16. During the relevant time, Plaintiff worked at one of the Defendants' Cambria-branded hotels (the "Cambria Hotel") located in Chicago, Illinois.

17. Defendants implemented biometric scanning and time-tracking devices and technology at the Cambria Hotel to monitor and track their employees', including Plaintiff's, time.

18. Plaintiff was required to scan his fingerprint into biometric timekeeping devices in order to "clock-in" and "clock-out" of each respective work shift. Plaintiff could only verify his attendance and timeliness using biometrically-enabled technology.

19. Plaintiff relied on Defendants to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

4

20. Defendants' biometric timekeeping regime allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

21. Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

22. Defendants did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

23. Prior to taking Plaintiff's biometrics, Defendants did not make publicly available any written policy as to their biometric retention schedule, nor did they disclose any guidelines for permanently destroying the collected biometrics.

24. Additionally, Defendants did not obtain consent from Plaintiff for any dissemination of his biometrics to third parties.

25. To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendants. Defendants have not informed Plaintiff whether they still retain his biometrics, and if they do, for how long they intend to retain such information without his consent.

26. BIPA vests an individual state right to biometric privacy. Defendants' deprivation of Plaintiff's biometric privacy right constitutes the actual harm the Legislature sought to prevent.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the State of Illinois at any time within the applicable limitations period.

5

28. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

29. Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

30. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

31. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants' conduct is subject to BIPA;

    b. Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

  e. Whether Defendants' conduct violates BIPA;

  f. Whether Defendants' conduct is negligent;

  g. Whether Defendants' violations of the BIPA are willful or reckless; and

  h. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

32. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

33. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

34. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendants are private entities under BIPA.

37. BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes

7

it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

38. BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

39. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendants. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

40. Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

41. Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a. Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendants failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e. Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f. Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

42. By obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendants profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendants knew, or were reckless in not knowing, that the biometric systems they were using would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

9

43. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

44. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

45. Defendants' violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

46. Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendants' actions, as set forth herein, violate BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 6, 2019                  Respectfully Submitted,

DONAL LYDON, individually and on behalf of a class of similarly situated individuals

By:     /s/ William P.N. Kingston
          *One of Plaintiff's Attorneys*

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DONAL LYDON, individually and on behalf of similarly situated individuals, | ) ) ) | No. 2019-CH-05679 |
| *Plaintiff,* | ) ) ) | Hon. Anna M. Loftus |
| v. | ) ) | |
| FILLMORE HOSPITALITY, LLC, a Delaware limited liability corporation, and FH CHI, LLC, a Delaware limited liability corporation. | ) ) ) ) ) ) | |
| *Defendants.* | ) | |

*Notice and Acknowledgment of Receipt of Summons and Complaint*

## NOTICE

To:

FILLMORE HOSPITALITY, LLC & FH CHI, LLC
c/o Joel C. Griswold
Baker & Hostetler LLP
200 South Orange Avenue, #2300
Orlando, FL 32801
jcgriswold@bakerlaw.com

      The enclosed summons and complaint are served pursuant to Section 2-213 of the Code of Civil Procedure.

      You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days.

      You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

      If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

1

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days of May 20, 2019. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been served by electronic mail on May 20, 2019.


By: ___/s/ Jad Sheikali_____
      Jad Sheikali
      One of Plaintiff's Attorneys

Date of Signature: May 20, 2019


## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter via electronic mail at jcgriswold@bakerlaw.com.

PRINT or TYPE Name __Joel Griswold_____


Relationship to Entities/Authority to Receive Service of Process

___Counsel for Defendants_____

Signature _____[signature]_____

Date of Signature: May 31, 2019

2

Return Date: No return date scheduled
Hearing Date: 9/4/2019 10:00 AM - 9/4/2019 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
         Cook County, IL

Case: 1:19-cv-03989 Document #: 1-1 Filed: 06/14/19 Page 18 of 18 PageID #:26

Appearance                                                                          (12/30/15) CCL N530

FILED
6/7/2019 9:32 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH05679
5330385

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

DONAL LYDON,

                             Plaintiff

v.

FILLMORE HOSPITALITY, LLC, et al.,

                             Defendant

No. 2019 CH 05679

Calendar: _____

## APPEARANCE

☑ GENERAL APPEARANCE      0900 - APPEARANCE - FEE PAID; 0909 - APPEARANCE - NO FEE;
                                                       0904 - APPEARANCE FILED - FEE WAIVED

☐ JURY DEMAND                  1900 - APPEARANCE & JURY DEMAND - FEE PAID
                                                       1909 - APPEARANCE & JURY DEMAND - NO FEE

The undersigned enters the appearance of:      ☐ Plaintiff     ☑ Defendant

FILLMORE HOSPITALITY, LLC and FH CHI, LLC

_____
(Insert litigant's name.)

                                                          Bonnie Del Gobbo
                                                                 Signature

☑ INITIAL COUNSEL OF RECORD        ☐ PRO SE
☐ ADDITIONAL APPEARANCE             ☐ SUBSTITUTE APPEARANCE

     A copy of this appearance shall be given to all parties who have appeared and have not been found by the Court to be in default.

☑ Atty. No.: 46365         ☐ Pro Se 99500

(Please complete the following contact information.)
Name: Baker & Hostetler LLP/Bonnie Keane DelGobbo
Atty. for: Defendants
Address: One North Wacker Drive, Suite 4500
City/State/Zip: Chicago, Illinois 60606
Telephone: (312) 416-6200
Primary Email: bdelgobbo@bakerlaw.com
Secondary Email: jcgriswold@bakerlaw.com
Tertiary Email: kkrchmery@bakerlaw.com

**Pro Se Only:** ☐ I have read and agree to the terms of the Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1